```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                             )        Criminal No. 06-10292-PBS-5<br>)<br>)<br>(5) CARLOS GONZALES                  )<br>          a/k/a "Michel"     ) | |

## MEMORANDUM AND ORDER

October 18, 2007

Saris, U.S.D.J.

### I. INTRODUCTION

The defendant moves to suppress statements that he made after signing a Miranda waiver on a Police Booking Form.[1] The form warned the defendant that anything he said could be used against him, but it failed to specify that such statements could be used in a court of law or other proceeding. In support of his motion, the defendant argues that, because of this omission, the possible serious consequences of the waiver were not impressed upon him. In essence, the defendant contends that, as a result of the omission, his waiver was not voluntary, knowing and

---

[1] The defendant previously moved to suppress the fruits of the stop of his automobile and subsequent arrest and any statement that he allegedly made to the FBI and Boston police. (Docket No. 117). At the evidentiary hearing on September 20, 2007, the Court denied the motion to suppress, but granted leave to defendant to file a second motion to suppress on the ground that the Miranda warning within the Police Booking Form was defective.

intelligent, and therefore his statements must be suppressed. The motion is **DENIED**.

## II. BACKGROUND

On September 26, 2006, at approximately 1:30 am, the defendant was stopped while driving an automobile by a Massachusetts State Trooper.  Upon learning that there was a federal warrant for the defendant's arrest, the state trooper placed the defendant under arrest and transported him to the state police barracks.  At the time of arrest, the state trooper read defendant his Miranda rights in English.  Because the defendant primarily speaks Spanish, it is not clear whether the defendant understood the Miranda warnings at that time.

Later that day, the defendant was transported to a Boston Police Department ("BPD") station for booking.  At the BPD station, Det. Juan Jose Seoane approached the defendant and, reading from a card, advised the defendant of his Miranda rights in both English and Spanish.  The card's Spanish content includes a warning that anything said can be used against the speaker in court.  The defendant responded by saying, "okay."

Shortly thereafter, the defendant was given a BPD Prisoner Booking Form which contained a Miranda warning printed in Spanish.  Det. Seoane read the form aloud to the defendant, and the defendant signed the form, indicating that he understood what had been read to him.  Included on this form was a warning that

anything the defendant says can and will be used against him. The warning does not state that it can be used against him in a court of law or other proceeding. After he had signed the form, the defendant made incriminating statements to Det. Seoane which the defendant now seeks to suppress.

The defendant was then taken upstairs to an interview room. With a tape recorder on, Det. Seoane read another set of Miranda warnings, in both English and Spanish, to the defendant, and presented the defendant with a second form. The warnings on this form, printed in Spanish, stated, among other things, that anything the defendant said could be used against him *in a court of law*. The defendant signed the form. Det. Seoane then began to question the defendant, but the defendant invoked his right to counsel and the interview ceased.

### III. DISCUSSION

The Miranda warning on the Prisoner Booking Form was adequate. The Supreme Court has "never insisted that Miranda warnings be given in the exact form described in that decision." Duckworth v. Eagan, 492 U.S. 195, 202 (1989); see California v. Prysock, 453 U.S. 355, 359-60 (1981) ("Miranda itself indicated that no talismanic incantation was required to satisfy its strictures."); Miranda v. Arizona, 384 U.S. 436, 479 (1966) ("The warnings required and the waiver necessary in accordance with our opinion today are, *in the absence of a fully effective*

*equivalent*, prerequisites to the admissibility of any statement made by a defendant.") (emphasis added).  To determine whether Miranda is satisfied, a court asks whether the warning reasonably conveys a suspect's rights to him.  Duckworth, 492 U.S. at 195.

By alerting the defendant to the general notion that anything he said could be used against him, the warning on the Prisoner Booking Form sufficiently informed the defendant of his "5th Amendment right against self-incrimination and of the possible serious consequences should he waive that right." United States v. Newell, 442 F.Supp. 668, 672 (D.C. Cal. 1977) (upholding a Miranda warning against a charge of insufficiency because the purpose of Miranda had been served).  At least one court has found a similar warning sufficient under Miranda. Accord United States v. Frankson, 83 F.3d 79, 82 (4th Cir. 1996) (upholding an oral warning that informed a suspect, "[a]nything you say, do, or write can and will be used against you," but failed to state specifically that those statements could be used against the suspect in court).  Here, the challenged warning was preceded by a complete oral warning in Spanish which included a reference to statements being used against the defendant in a court of law.  The defendant acknowledged this warning by responding, "okay."  This prior verbal warning, together with the printed form lacking the phrase "in a court of law," reasonably conveyed the defendant's rights to him and satisfied the

requirements of Miranda.  See Duckworth, 492 U.S. at 195.

    The defendant's signature on the Prisoner Booking Form was a voluntary, and a knowing and intelligent waiver of his Miranda rights.  See United States v. Bezanson-Perkins, 390 F.3d 34, 39-40 (1st Cir. 2004) (stating that, to be valid, a suspect's waiver of his Miranda rights must be voluntary, and knowing and intelligent, and that the waiver is judged on a "totality of the circumstances").  Having received a complete warning that included reference to the use of incriminating statements in court proceedings only moments before signing the waiver, the defendant signed the form "with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it."  Id.

### **ORDER**

    Defendant's Supplemental Motion to Suppress (Docket No. 138) is **DENIED**.

                                          S/PATTI B. SARIS  
                                         PATTI B. SARIS  
                                         United States District Judge